THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VIRGIL LEE KILLEBREW, Defendant-Appellant.

(No. 72-17;

Second District—September 19, 1972.

Paul Bradley, of Defender Project, of Elgin, for appellant.

William R. Ketcham, State's Attorney, of Elgin, (W. Ben Morgan, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant pled guilty on September 15th, 1971, to the offenses of burglary and forgery and was sentenced to 3-7 years in the penitentiary. He appeals, claiming he was not admonished as to his rights before the court accepted his plea; and that the court erred in failing to determine the factual basis of the charges before the plea was accepted. Alternatively he argues that the court showed prejudice against the defendant; abused its discretion in denying probation and imposed an excessive sentence.

■■ At the time of defendant's withdrawal of his not guilty plea, the prosecutor stated that defendant had previously pled not guilty to burglary and forgery. The record is devoid of any further inquiry by the court at the time the plea of guilty was taken pursuant to Supreme Court Rule 402(a),(c) (Ill. Rev. Stat. 1971, ch. 110A, sec. 402(a)(c)), then in effect. On the record before us it is apparent that the judge merely satisfied himself that the defendant had the ability to understand a written waiver of his rights which he had signed, and further was assured that defendant understood he was convicting himself by his plea. But no inquiry was made as to the specific rights under the rule. This is not a substantial compliance with the rule.

■■ We vacate the judgment below. The cause is remanded with directions to allow defendant to withdraw his plea of guilty and to plead anew. We do not therefore reach the defendant's alternative arguments relating to the sentence. However, to avoid the question of the alleged prejudice of the trial judge from arising on remand, the further proceedings should be before another judge.

Judgment below vacated; cause remanded with directions.

T. MORAN and GUILD, JJ., concur.